[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on Plaintiff's claim for loss of support as a result of the murder of their mother in Barrington on or about May 1st, 1985. They bring this action pursuant to the Criminal Injuries Compensation Act, R.I.G.L.12-15-1, et seq., hereinafter referred to as The Act.
The facts are not in dispute. The victim in the case, Barbara Conway was murdered while in her home in Barrington, Rhode Island. At the time of her death, Mrs. Conway left two minor children, Travis (age 6) and Tyler (age 2). The decedent, was a homemaker who had left the workforce to care for her children. It is for those services as a homemaker that Plaintiff seeks to recover for in this action.
The issue before this Court then is whether the Plaintiffs are entitled to recover for the loss of homemaker services pursuant to the provisions of The Act. This Court, after a careful review of memorandum submitted by both sides concludes that the Plaintiffs are so entitled.
It is clear that had decedent remained in the workforce Plaintiffs would be entitled to an award for the support lost as a result of a criminal act. The Act, however, does not limit such support to lost wages only.
Section 12-25-5 provides in pertinent part as follows:
 In determining the amount of the judgment or order approving a settlement, the Court may, in its discretion, take into consideration the rates and amounts payable for injuries and death under other statutes of this state and of the United States. ..
One such statute is found in R.I.G.L. 9-1-47 which provides that:
 In any suit for damages as a result of personal injuries, a homemaker may recover the fair value of homemaker services provided to the home and those living therein. . . . The fair value of homemakers' services shall not be limited to monies actually expended to replace the services usually provided by the homemaker. In such a suit, the value of the homemaker's services may be shown by expert testimony, but such testimony is not required.
While the question of compensation for loss of homemaker services is a new issue as it relates to the Criminal Injuries Compensation Act, it has long been accepted in Rhode Island law. To exclude these services under The Act would result in a system that only protected "working parents" at the expense of those parents who are financially able, albeit at considerable sacrifice, to assume the duties of parenthood on a full time basis. This Court rejects any suggestion that such was the intention of the General Assembly.
Accordingly, this Court finds that Barbara Conway was a victim under The Act, that her services as a homemaker are compensable and that based on evidence supported that those services are valued at $25,000. Said award is to be placed in two individual Trusts, one for the benefit of each minor child. In addition, counsel for the plaintiffs is awarded $2,000 in legal fees.
Counsel for the General Treasurer's Office will prepare the necessary order and submit it for Court approval.